# Exhibit D



April 8, 2019

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York

Re: U.S.A. v. Harold Bendell; Docket #: 17-CR-585-01

Dear Judge Seybert:

      FTI Consulting, Inc. ("FTI") was retained by Major Automotive Group ("Major") to review the books and records for specific areas under investigation by the Internal Revenue Service ("IRS") and Department of Justice ("DOJ") related to Harold and Bruce Bendell, the controlling principals of Major.

      During the course of this work, FTI reviewed five topic areas which included: 1) private expenses paid by public entities; 2) cash payments and withholdings; 3) other understatements to net income; 4) Esquire Insurance unreported payments; and 5) C. Orsaris unreported compensation. This work included a review of books and records from 2004-2010 along with discussions with Major Auto employees. Harold and Bruce ensured the cooperation of Major's employees and the production of records necessary for FTI to conduct its review.

      As part of this work, FTI met with the IRS and DOJ on July 31, 2013 at the US Attorney's Offices in Central Islip, NY and again on September 15, 2015 at Harfenist, Kraut & Perlstein. FTI prepared multiple analyses, including reviewing and responding to specific requests from the IRS agents responsible for the matter. The IRS provided FTI with documents and specific request letters with supporting documents to review dated September 23, 2015 and again on January 7, 2016.

      FTI prepared several summary analyses, including presentations dated July 2013, October 2015, May 2016, and April 2017 which were delivered to Counsel and were also provided to the DOJ and IRS.

      In conducting the analysis, much of FTI's work was determining the extent of certain transactions. While most of the transactions were capable of mathematical analysis, some were not; for example, the propriety of American Express charges could not be determined. Likewise, the underreported income based upon on the "swapping of checks" could not be determined by a review of the records and simple math. Rather, FTI was required to use professional judgment and extrapolations to reach these figures. It was not possible to precisely and with complete accuracy determine the amount of checks swapped out.

      During the course of the investigation, FTI billed over 3,000 hours and professional fees were approximately $960,000 spanning the period from May 2013 through November 2017.

Sincerely,

*Lindi J. Jarvis*

Lindi J. Jarvis
Senior Managing Director